US District Court for the Middle District of TN

) Craig Cunningham

) Plaintiff, pro se

)

) v.

CIVIL ACTION NO.

)

) Park Lane Digital Media, Ardalan Afshar,

) Ian Greenfield, Ari Afshar, Michael Baer

)

) Defendants

**Plaintiff's Original Complaint**

1. The Plaintiff in this case is Craig Cunningham, a natural person and was resident of Davidson County at all times relevant to the complaint, and currently has a mailing address of 5543 Edmondson Pike, ste 248, Nashville, TN 37211

2. Upon information and belief, Park Lane Digital is DBA for a California corporation operating from 225 S. Robertson Blvd., Beverly Hills, CA 90211

3. Ardalan Afshar is an officer of Park Lane Digital Media Concierge and is responsible for the offending telephone calls in question. He can be served at 225 S. Robertson Blvd., Beverly Hills, CA 90211

4. Upon information and belief, Ian Greenfield is the director of sales and Business development at Park Lane Media and is responsible for the offending calls in question. He can be served at 225 S. Robertson Blvd., Beverly Hills, CA 90211

5. Ari Afshar is a owner/executive of Park Lane Media and is responsible for the offending phone calls in question. He can be served at

6. Michael Baer is the director of operations for Park Lane Media and can be served at 225 S. Robertson Blvd, Beverly Hills, CA 90211.

7. The John/Jane Doe defendants are individuals or entities that have yet to be identified through the discovery process.

## Jurisdiction

8. Jurisdiction of this court arises as the defendants continuous and systematic contacts within the state of Tennessee in placing millions of phone calls to consumers in the state of Tennessee as part of a year long robocall marketing campaign in which billions of phone calls were made to consumers across the country. Subject matter jurisdiction is apparent as the TCPA is a federal question under 28 USC 1331.

9. Venue in this District is proper as the defendants are subject to personal jurisdiction based on the continuous and systematic contacts within the forum state of Tennessee. The telephone calls which led to the violations of alleged here occurred in Tennessee. The Defendants made multiple unsolicited telephone calls to the Plaintiff and other Tennessee residents living in Tennessee.

## FACTUAL ALLEGATIONS

10. In 2015, the Plaintiff received multiple automated phone calls with a pre-recorded message to the Plaintiff's cell phone, which was 615-212-9191at the time. These calls were clearly automated and made by an automated telephone dialing system as defined by 47 USC 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator.

11. The calls also contained a pre-recorded messages, for example *"This is an important message regarding your business yelp profile. It has come to our attention that one or more negative review is affecting your business poorly. Just one single bad review could turn away a potential customer for life. It is important to act on this now. Please press 1 to speak to a live representative now"*

12. This message violates the TCPA, 47 USC 227(c)(5) as codified under 47 CFR 64.1200(d) which requires that all automated calls contain identifying information to include the name and address of the entity placing the call. In this case, the defendants spoofed the number using 385-237-2348, which is a non-working Utah number, when in fact the Defendants are located in California, and did not use the name of the entity placing the call. This entitles the Plaintiff to a $1500 recovery under the TCPA. Also, by making an automated call with a pre-recorded message to the Plaintiff's cell phone, without the Plaintiff's consent, the Defendants also violated 47 USC 227(b) as well. This entitles the Plaintiff to an additional $1500 recovery for a total of $3,000 per call.

13. The Plaintiff is unsure how the Defendants obtained his cell phone number as he never gave it to them and never gave express or implied consent for the defendants to call his cell phone using an automated telephone dialing system or with a pre-recorded message. The Defendants would have had to obtained the Plaintiff's signature clearly authorizing automated/pre-recorded calls to the Plaintiff's cell phone for the calls to be permitted under the law, and the Plaintiff has signed no such document for the Defendants.

14. In the conversation with the agent of Park Lane, the Defendants then stated that there was no negative Yelp listings, but rather "someone" was trying to locate the Plaintiff's business on Yelp. He then went on to offer Park Lane's services to get a first page listing on Google within 30 days and a 50% increase in online web traffic and stated that it would cost $199 per month.

15. Ironically, despite Park Lane's claims to improve Yelp listings for consumers, they have an extensive amount of complaints regarding false billing, allegations of fraud, deceptive practices, charging credit cards without authorization, charging credit cards without providing any level of service and on and on. Their Yelp listing is currently 2 stars out of 5.

16. Despite claiming to be a reputation management and social media company, their have horrible ratings on most social media sites to include a satirical Facebook page that one very unhappy former customer apparently made, mocking the founders and executives of the company and lambasting them for the alleged business practices, for example one post states *"We are a social media*

*management company, ripping off struggling local business owners one credit card at a time. We will only tell you we will manage your Facebook, Twitter, Google+, Yelp and many other services, but we will only take your credit card and never stop charging it"*.

17. Apparently, most of the individuals listed used to run a company named "Quality Media" which did the same thing, but they shut the company down and setup "Park Lane Media" as a DBA for a currently unknown company that Ian Greenfield stated he would not disclose to the Plaintiff.

18. The calls in question violated 47 USC 227(b) entitling the Plaintiff to a recover of $1500 for making calls using an automated telephone dialing system and containing a pre-recorded message and 47 USC 227(c)(5) as codified by 47 CFR 64.1200 under the FCC's rulemaking authority entitling the Plaintiff to an additional recovery of $1500 for violating 47 CFR 64.1200(b) and 47 CFR 64.1200(d)(4) as the pre-recorded messages failed to state the name of the entity/individual placing the calls.

## CAUSES OF ACTION:

### COUNT I

### Violations of the Telephone Consumer Protection Act (TCPA)

19. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

20. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing calls with pre-recorded/automated messages to the Plaintiff's cell phone that lacked the name or address of the entity placing the phone calls in violation of 47 USC(c)(5) as codified by the FCC's rulemaking under 47 CFR 64.1200(d)(4)

## CAUSES OF ACTION:

## COUNT II

### Violations of the Telephone Consumer Protection Act (TCPA)

21. Plaintiff Cunningham incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

22. The foregoing actions by the Defendants constitute multiple breaches of the TCPA by placing automated telephone calls to the Plaintiff's cell phone. These phone calls also violated the TCPA by having an pre-recorded message in violation of 47 USC 227(b)

## PRAYER FOR DAMAGES AND RELIEFS

A. WHEREFORE, Plaintiff, Cunningham, respectfully prays and requests that judgment be entered against each and every defendant for the following:

B. Statutory damages of $3000 for each phone call.

C. Pre-judgment interest from the date of the phone calls.

D. Punitive damages for all claims in the amount of $30,000 per call

E. Attorney's fees for bringing this action; and

F. Costs of bringing this action; and

G. For such other and further relief as the Court may deem just and proper

I, Craig Cunningham, Affiant, hereby attest to and certify that the facts contained in the foregoing complaint are true and correct to the best of my knowledge, information and belief and that a true and correct copy of the foregoing was sent to the defendants in this case.

Respectfully submitted,

Craig Cunningham
Plaintiff, Pro-se
Mailing address:
5543 Edmondson Pike, ste 248
Nashville, tn 37211
615-348-1977

3/18/2015