# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:15-0467 |
| vs. ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| LEXINGTON DOC PREP, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

Plaintiff brought this pro se action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* Plaintiff's claims are set forth in his "Amended Complaint." Docket No. 7. He essentially claims that Defendants, or some of them, made 6 automated telephone calls with a prerecorded message to his cell phone in March 2015. Plaintiff avers that the calls were automated and were made by an automated dialing system as defined in 47 U.S.C. § 227(a)(1), which can store or produce telephone numbers to be called using a random or sequential number generator. 47 U.S.C. § 227(b)(3) prohibits automated/pre-recorded calls to consumers' cell phones. Plaintiff further avers that the calls with pre-recorded/automated messages to his cell phone lacked the name or address of the entity placing the phone calls in violation of 47 U.S.C. § 227(c)(5) and 47 CFR § 64.1200(d)(4).

Plaintiff also alleges that Defendants violated the FDCPA by attempting to collect a debt on behalf of another without providing notice as required by 15 U.S.C. § 1692, and by making

false or misleading representations.

The Clerk previously entered a default against Defendants Lexington Doc Prep, LLC, and Michael Dazzo. Docket No. 16. On March 30, 2016, the undersigned entered an Order setting a hearing on damages for April 20, 2016, at 10:00 a.m. Docket No. 27. Plaintiff appeared and testified under oath at the hearing. Defendants did not attend the hearing, were unrepresented by counsel, and Plaintiff testified that neither of these Defendants had contacted him with regard to the hearing.

In the instant action, Plaintiff sues for 6 telephone calls, 2 calls made on March 30, 2015, 2 calls made on March 27, 2015, and 2 calls made on March 13, 2015.

Section 227(b)(3)(B) provides for damages of $500 for each violation of § 227(b), but the Court may treble that amount in its discretion, if a Defendant's violation is willful or knowing. Likewise, Section 227(c)(5)(B) provides for damages of $500 for each violation of regulations promulgated under § 227(c), which again can be trebled at the discretion of the Court if the violation was willful or knowing. At the hearing, Plaintiff requested total damages for violations of the TCPA in the amount of $18,000.

The Sixth Circuit has held that a single telephone call can violate both § 227(b) and § 227(c). *Charvat v. MTM, LLC, et al.,* 656 F.3d 440 (6th Cir. 2001). The fact that Plaintiff received 6 telephone calls within a period of 17 days indicates that the violations were willful and knowing.

The undersigned concludes that Plaintiff has shown willful and knowing violations of § 227(b) and § 227(c) with regard to the 6 calls at issue, and that he is entitled to damages for these violations in the total amount of $18,000.

Plaintiff also sued for violations of the FDCPA. Section 1692k provides for damages not exceeding $1,000 against a debt collector who fails to comply with any provision of 15 U.S.C. § 1692, *et seq.* Plaintiff avers that Defendants attempted to collect a debt on behalf of another without providing adequate or timely notices required by 15 U.S.C. § 1692(g). Plaintiff also claims that Defendants violated § 1692e by making false or misleading representations likely to confuse an unsophisticated consumer. At the hearing, Plaintiff sought a judgment of $1,000 for all violations of the FDCPA.

For the foregoing reasons, the undersigned recommends that a default judgment be entered for Plaintiff in the total amount of $19,000 against Defendants Lexington Doc Prep, LLC, and Michael Dazzo.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge