IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>LEXINGTON DOC PREP, LLC, et al. )<br>    Defendants. ) | Civil No. 3:15-cv-467<br>Judge Trauger<br>Magistrate Judge Frensley |

### REPORT AND RECOMMENDATION

Pending before the court is a Motion to Set Aside the Finding of Default and to Vacate Order Granting Default Judgment by defendants Michael Dazzo ("Dazzo") and Lexington Doc Prep, LLC. ("Lexington"). Docket No. 42. Plaintiff has filed a response in opposition to the motion. Docket No. 44. Defendants assert that service of process was never achieved and thus the court has no personal jurisdiction to grant the default judgment. For the reasons set forth herein, the undersigned recommends that the motion be GRANTED.

### I.    Background.

This civil action was commenced against these defendants by the filing of an amended complaint on August 14, 2015. Docket No. 7. The Complaint alleges the defendants among others violated the Telephone Consumer Protection Act ("TCPA") and Fair Debt Collection Practices Act ("FDCPA") through a series of unwelcomed automated phone calls. Docket No. 7. The clerk issued a summons as to these defendants on August 19, 2015. Docket No. 8. The summons were returned executed as to these defendants by plaintiff on September 9, 2015. Docket Nos. 10 and 11. The clerk entered a default against defendants Lexington and Dazzo (Docket No. 16) and following a hearing at which the defendants did not attend and were

unrepresented by counsel, the magistrate judge recommended that a default judgment be entered for plaintiff in the total amount of $19,000.00 against these defendants. Docket No. 31. The report and recommendation was accepted (Docket No. 34) and judgment was entered for the plaintiff. (Docket No. 35). The defendants thereafter filed the pending motion to set aside the default and vacate the judgment in this matter. Docket No. 42.

In support of their argument to vacate the defendants submit that they were not properly served and thus the court has no personal jurisdiction. *Id.* With respect to Mr. Dazzo, the defendants contend that service of process "was claimed by the wrong person." Docket No. 42-1, p. 3. As such, they contend personal service was not achieved on Mr. Dazzo. *Id.* With respect to defendant, Lexington, defendants contend that while the summons properly identified Michael Dazzo as the agent authorized to accept process, neither he nor anyone authorized on his behalf actually accepted the summons. *Id.*

Defendants rely on the affidavit of Mr. Dazzo wherein he states that he is the only agent authorized by Lexington to accept service, that he did not receive service of process for the summons and the complaint for either himself or Lexington and that he did not sign the return receipt for certified mail returned to the court by Plaintiff and does not know who did. Docket No. 42. Plaintiff responds that applying the standard of Federal Rule of Civil Procedure 60(b), and the three part test under *United Coin Meter Company v. Seaboard Coastline Railroad,* 705 F. 2d 839, 844 (6th Cir. 1983), for analyzing such a motion, the relief is not proper. Docket No. 44, pp. 4-7. Specifically, plaintiff contends that the default "was willful and the result of deliberate action of Michael Dazzo to list a fake address for himself with the Secretary of State for Florida for Lexington Doc Prep, LLC in order to avoid service of process." Id. at p. 4. Plaintiff asserts that had the defendant listed a proper address with the Secretary of State of Florida service would

2

have been perfected. *Id.* at p. 6. He further argues that he would be prejudiced by setting aside the default because records may no longer exist and defendants have not alleged a meritorious defense to the underlying TCPA claims. *Id.* at p. 7.

## II. Analysis

"[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999)). It is a "bedrock principle that a defendant is not obliged to engage in civil litigation unless the defendant is properly notified of the action and brought under the court's authority, i.e., personal jurisdiction, by formal service of process." *Arthur v. Litton Loan Servicing LP*, 249 F. Supp. 2d 924, 928 (E.D. Tenn. 2002). Actual notice of the lawsuit by the defendant is immaterial to the question of whether that defendant was properly served. *LSJ Inv. Co.*, 167 F.3d at 322 (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155–56 (6th Cir. 1991)); *Genesis Diamonds, LLC v. John Hardy, Inc.*, No. 3:15-cv-01093, 2016 WL 3478915, at *6 (M.D. Tenn. June 27, 2016). "And in the absence of personal jurisdiction, a federal court is 'powerless to proceed to an adjudication.'" *King*, 694 F.3d at 655 (quoting *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 584 (1999)).

The federal rules provide that service on an individual be completed by any manner accepted in the state where the district court is located or where service is made, or by "delivering a copy of the summons and the complaint personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to

3

receive service of process." Fed. R. Civ. P. 4(e). Service by certified mail is not permitted under the federal rules unless accompanied by a waiver of personal service.

### A. Setting Aside Default Judgment Under Rule 60(b)

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Here, because defendants argue that the court did not have personal jurisdiction to enter judgment against them, their claim is best construed as one for relief from a void judgment under Rule 60(b)(4).

As a general rule, "[w]here Rule 60(b) is invoked to set aside a default judgment, the court must both consider the Rule 55 equitable factors . . . and find that one of the specific requirements of Rule 60(b) is met." *Thompson v. American Home Assur. Co.*, 95 F.3d 429, 433 (6th Cir. 1996). However, where a party seeks to set aside a default judgment because it is void—and not for reasons like mistake or inadvertence—the court may not deny the motion based on a weighing of the equities. *Jackson v. FIE Corp.*, 302 F.3d 515, 524 (5th Cir. 2002). *See also S.E.C. v. Internet Solutions for Business, Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007). "[T]he district court has no discretion—the judgment is either void or it is not. If the judgment is void, the district court *must* set it aside." *Id.* (internal quotations omitted); *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006) ("[D]enying a motion to vacate a void judgment is a per se abuse of discretion.").

### B. Validity of Service of Process

The validity of the court's jurisdiction here is determined by whether whoever signed the certified mail return receipt was authorized to accept service. Agency for this purpose is held to a rigorous standard. "The bare fact that an alleged agent actually accepts process for the defendant

4

is not enough to constitute valid service of process. There must be evidence that the defendant intended to confer upon its agent the specific authority to receive and accept service of process for the defendant. *Arthur,* 249 F. Supp. 2d at 929 (quoting 4A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure* § 1097 (3d ed. 2002)).

Dazzo states by affidavit that he is the only agent authorized by Lexington to accept service of process for a summons and complaint, that he did not sign for service of process for either himself or Lexington, has no knowledge of the identity of those who allegedly signed the certified service but that they were not authorized to sign by him and he did not receive service of process. Docket No. 42-2.

The Tennessee Rules of Civil Procedure permits service by registered return receipt or certified return receipt mail. *See* Tenn. R. Civ. P. 4.05 (1)(a), (3)-(4). While Mr. Dazzo testifies that he has no idea who signed for the documents, even if they were employees or representatives of the defendant the Tennessee Supreme Court has concluded that "a corporate agent with the authority to sign for and receive the corporation's certified mail does not, without more, qualify as an agent authorized by appointment to receive service of process on behalf of a corporate defendant." *Hall v. Haynes*, 319 S. W. 3d 564, 583-84 (Tenn. 2010).

Service by certified mail on an individual is generally insufficient under Florida law unless accompanied by a waiver of personal service. *Dyer v. Wal-Mart Stores, Inc*. 318 Fed. Appx. 843, 844 (11th Circuit 2009)(citations omitted). Service of process on an individual can be "made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper, or by leaving the copies at his or her's usual place of abode with any person residing therein who is fifteen years of age or older and informing the person of the contents." Fla. Stat. § 48.031(1)(a). With respect to corporations, the Florida Rules of Civil

5

Procedure ("Fla. R. Civ. P.") provide for service of process by certified mail but only is the defendant agrees to waive personal service. Fla. R. Civ. P. 1.070(i). Florida courts have held that service by certified mail, without an accompanying waiver, is not sufficient under rule 1.070. *Transport and General Insurance Co. v. Receiverships of Ins. Exch. Of the Americas, Inc.*, 576 So. 2d 1351, 1352 (Fla. 1st DCA 1991).

The undersigned finds insufficient evidence that whoever signed the return receipt was authorized to accept service of process for these defendants. It is undisputed there was no personal service. The return receipt does not clearly identify that the individual who signed the return receipt was authorized to accept service of process for these defendants. Although the return receipt contains two boxes next to the signature line titled "agent" and "addressee," neither box was marked. This combined with the representations in the affidavit of Mr. Dazzo establish that there is insufficient evidence upon which to find that proper service took place under Federal, Tennessee or Florida law. Thus, the undersigned finds that plaintiff has failed to establish that these defendants were properly served; this court therefore lacked jurisdiction to enter a default or default judgment against them; and that the judgment should be set aside and void pursuant to Federal Rule of Civil Procedure 60(b)(4).

Defendants do not ask that the court dismiss this action against them because they were not served within the time provided by Rule 4(m). Rule 4(m) gives courts the discretion to dismiss an action if service is not timely or to "order that service be made in a specified time." Federal Rule of Civil Procedure 4(m); *United States v. Ninety Three Firearms*, 330 F 3d 414, 426 (6th Cir 2003). The court may exercise that discretion even in the absence of a showing of good cause why service was not completed. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D 322, 326 (E. D. Mich. 2001). Here, plaintiff clearly believed his service was effective and had no

reason to think otherwise until these defendants filed the present motion. Thereafter, within 30 days, plaintiff served these defendants through counsel and the defendants filed an answer to the amended complaint. Docket No. 48. Given these considerations along with the fact that plaintiff is pro se, the undersigned recommends that plaintiff's subsequent service be determined as timely.

### III.     Recommendation

In light of the foregoing the magistrate judge recommends that the defendants motion (Docket No. 42) be Granted and the default judgment entered against them be found void and the default judgment be vacated. The magistrate judge further recommends that plaintiff's subsequent service of the defendants be found to be in compliance with Rule 4(m).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections.  Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

_____
**JEFFERY S. FRENSLEY**
U. S. Magistrate Judge